**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

S. P. DAVIS, SR.                                                   CIVIL ACTION NO. 06-0158

VERSUS                                                            JUDGE S. MAURICE HICKS, JR.

USA                                                               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion To Vacate and Set Aside Default Judgment filed by
Samuel W. Stevens, III  ("Stevens") [Doc. Nos. 22, 28].  For the reasons which follow, the
motion is **GRANTED.**

**FACTUAL BACKGROUND**

The United States filed a Counterclaim in this action on May 15, 2006, to collect
trust fund taxes allegedly owed by three corporations from Stevens and his four co-
plaintiffs.  While his four co-plaintiffs all answered the counterclaim, Stevens failed to file
responsive pleadings.  On October 4, 2006, the Clerk of Court issued a notice of intent to
dismiss the claims against Stevens because of the United State's failure to prosecute.
[Doc. No. 14].  Thereafter, the United States moved for entry of default against Stevens
[Doc. No. 17] which was then entered on October 12, 2007 [Doc. No. 18].  The United
States filed a motion for default judgment on October 26, 2006.  [Doc. No. 19].

Stevens claims that on November 1, 2006, after receipt of the motion for default, he
called Laura Conner, trial counsel for the United States, and told her that he had an
agreement with the IRS to resolve the tax liabilities asserted against him in the
Counterclaim.  [Doc. No. 28-3].  Stevens claims that Conner requested that he fax her the
documents relating to the agreement and said she would get back with him after she had

Page 1 of  4

reviewed them.  [Id.]  Although Stevens states he did not have a copy of the agreement at that time, he promptly faxed to Conner a copy of the "monthly statement."  [Id.; Ex. C]. Two weeks later, on November 14, 2006, this Court granted the pending motion and entered a default judgment against Stevens for unpaid federal tax liabilities in the amount of $3,026.244.40 plus interest and statutory additions thereon from October 5, 2006.  [Doc. No. 21].

Stevens claims that he called Conner on November 20, 2006 to discuss the default judgment rendered against him but was unable to contact her and instead left her a voice mail message.  [Doc. No. 28-3].  He claims he then tried to call Valerie Preiss, a trial attorney with the Tax Division of the  Department of Justice, but was unable to contact her either.  Stevens claims he then called Robert Thrall and was advised that the United States was aware of the installment agreement, that Conner was the proper person to address his concerns and that he could file a Motion to Vacate the Default Judgment.  [Doc. No. 28-3].

Stevens states that he called Conner again on or about November 27, 2006.  [Id.] He claims that she told him that she still had not received a copy of the Installment Agreement but that she did not believe it would preclude the United States from taking a judgment against him.  Stevens asked Conner what could be done about the default judgment rendered against him, but she told him that she could not advise him as to his rights.  [Id.]

On December 1, 2006, Stevens filed a *pro se* motion to vacate the default judgment. [Doc. No. 22].  In his motion, Stevens claimed that he had an installment agreement with the Internal Revenue Service ("IRS") and that he had failed to answer the lawsuit because he believed it was in error and that the United States would  discover the error timely.

Steven's current counsel moved to enroll on December 15, 2006, and an amended motion to vacate was filed on January 22, 2007.  [Doc. No. 28].

In his motion and associated affidavit, Stevens denies that he was a "person responsible" to collect or pay the taxes and that he "willfully" failed to do so.  [Doc. No. 28]. Specifically, he contends that he was not an owner, director or officer of any of the corporate taxpayers.  Instead, he was a contract employee of one of the corporations in its accounting department.  While Stevens admits that he prepared and signed tax returns on behalf of the three corporate entities, including quarterly employment tax returns, he claims he had no check signing authority.  He contends he was not responsible for and did not make the employment tax deposits.  Accordingly, Stevens seeks to have the default judgment rendered against him set aside.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b)(1) permits relief from a default judgment for "mistake, inadvertence, surprise, or excusable neglect" on a motion made within one year of the judgment. Fed.R.Civ.P. 60(b)(1).  Courts construe Rule 60(b)(1) liberally to ensure that they resolve doubtful cases on the merits.  See Harrell v. DCS Equip. Leasing Corp., 951 F.2d 1453, 1459 (5th Cir.1992)("This court applies Rule 60(b) 'most liberally to judgments in default ... [because] ... [t]runcated proceedings of this sort are not favored.'") (internal citations omitted).  The Fifth Circuit has directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1280 (5th Cir.1985); see also Amberg v. FDIC, 934 F.2d 681, 686 (5th Cir.1991).  These factors

are not "talismanic." See CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir.1992).  A district court may consider other factors, and the decision of whether to grant relief under Rule 60(b)(1) falls within its sound discretion. See Hibernia, 776 F.2d at 1279. Rogers v. Hartford Life and Acc. Ins. Co., 167 F.3d 933, *938 -939 (5th Cir. 1999).

Measured by the standards set forth above, the Court finds that the default judgment rendered against Stevens should be vacated and set aside.  The United States has failed to show any prejudice against it.  Further, under the factual circumstances presented, the Court finds that Stevens did not act culpably.  He contacted opposing counsel and attempted to resolve the issue.  "Defaults are generally disfavored in the law and should not be granted merely because a defendant has failed to meet a procedural time requirement.  All doubts the propriety of the default should be resolved in favor of a contest on the merits."  Robertson v. Staton, 2006 WL 1174006 (W.D. La. 2006) Accordingly, the motion to set aside and vacate the default judgment is **GRANTED**.

### CONCLUSION

Based on the foregoing reasons:

**IT IS ORDERED** that the Motion To Vacate and Set Aside Default Judgment filed by Samuel W. Stevens, III [Doc. Nos. 22, 28] is hereby **GRANTED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 16th day of April, 2007.


_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE