# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

S. P. DAVIS, SR.                                    CIVIL ACTION NO. 06-0158

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

UNITED STATES OF AMERICA                            MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before the Court are three motions: Motion for Reconsideration and for New Trial (Record Document 97) filed by plaintiff and counterclaim defendant S.P. Davis, Sr. ("Davis") and counterclaim defendants Willie J. Singleton ("Singleton"), Phillip Pennywell, Jr. ("Pennywell"), and James C. Williams ("Williams"); Motion for Reconsideration and New Trial (Record Document 98) filed by counterclaim defendant Samuel Stevens ("Stevens"); and Rule 52(b) Motion for Amended or Additional Findings and for Stay of Execution of Judgment (Record Document 99) filed by Stevens. The United States of America ("United States") opposed all of the motions. See Record Documents 102 & 103. For the reasons which follow, the motions are **DENIED**.

The factual and procedural background of this case have been set forth fully in the Court's Memorandum Ruling of October 7, 2008 (Record Document 95) and in the briefs submitted in connection with the instant motions. Thus, the facts and procedure bear no repeating and the Court will move to the merits of the motions.

Motion for Reconsideration and for New Trial filed by Davis, Singleton, Pennywell, and Williams

Pursuant to Federal Rule of Civil Procedure 59, Davis, Singleton, Pennywell, and Williams ("the Davis group") argue that they are entitled to an amended judgment and a new trial in order to correct a clear legal error and to prevent a manifest injustice.

Specifically, the Davis group contends that the Court, in granting the United States' Motion for Summary Judgment, "committed a legal error . . . when instead of determining if there were material facts at issue warranting a trial, it chose to weigh the relevant evidence offered by each party." Record Document 97-3 at 8.

The Court first notes the stringent legal standard associated with Rule 59 motions, namely that such motions are extraordinary remedies that should be used sparingly. See Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Moreover, after reviewing its prior ruling and the briefs filed in connection with the instant motion, the Court concludes that it did not improperly weigh the summary judgment evidence. Rather, the Court concluded that the summary judgment evidence offered by the Davis group was legally insufficient, on a number of grounds, to defeat summary judgment. The Motion for Reconsideration and for New Trial filed by the Davis group is, therefore, denied.

Motion for Reconsideration and New Trial and Rule 52(b) Motion for Amended or Additional Findings and for Stay of Execution of Judgment filed by Stevens

Stevens adopts all of the arguments set forth in the Davis group's motion, but further argues that the Court improperly made credibility determinations and weighed evidence, namely on the issue of willfulness. See Record Document 98-2 at ii. Again, the Court finds that it engaged in no improper weighing of the evidence and/or credibility determinations. Instead, it determined that Stevens' summary judgment evidence was legally insufficient to create a genuine issue of material fact.

Stevens also contends in both motions that the United States never addressed his counterclaim, which dealt with the benefits of an alleged compromise and settlement agreement, in its Motion for Summary Judgment. Thus, he argues that he is entitled to

both a new trial and additional findings on this issue. As noted by the United States, Stevens did not address his counterclaim in his opposition to the Motion for Summary Judgment. Rule 59(e) allows a party to correct manifest errors of law or fact or to present newly discovered evidence. See Templet, 367 F.3d at 479. The rule is not meant to permit Stevens to present new evidence regarding his affirmative defense, as such evidence was previously available and should have been presented in opposition to the United States' Motion for Summary Judgment.[1] Under this same rationale, the Court declines to make additional findings as to Stevens' counterclaim. Therefore, the Motion for Reconsideration and New Trial and the Rule 52(b) Motion for Amended or Additional Findings and for Stay of Execution of Judgment are both denied.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration and for New Trial (Record Document 97) filed by plaintiff and counterclaim defendant S.P. Davis, Sr. and counterclaim defendants Willie J. Singleton, Phillip Pennywell, Jr., and James C. Williams be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration and New Trial

---

[1] The Fifth Circuit has rejected the assumption "that the entire record in the case must be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered." Savers Federal Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1501 (5th Cir. 1989). Rather, Rule 56(e) requires the nonmoving party to designate specific facts showing that there is a genuine issue for trial. See id. In fact, the Fifth Circuit has "specifically refused to overturn a summary judgment on a theory not advanced in opposition to the motion in the district court." Id.; see also Batterton v. Tex. General Land Office, 783 F.2d 1220, 1225 (5th Cir. 1986) (affirming district court's denial of a motion for reconsideration on a pleaded claim that the party failed to argue and support in opposition to summary judgment).

(Record Document 98) filed by counterclaim defendant Samuel Stevens be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Rule 52(b) Motion for Amended or Additional Findings and for Stay of Execution of Judgment (Record Document 99) filed by counterclaim defendant Samuel Stevens be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of April, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE