**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| S. P. DAVIS, SR. | CIVIL ACTION NO. 06-0158 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |
| VERSUS | |
| WILLIE SINGLETON, PHILLIP PENNYWELL, JR., JAMES C. WILLIAMS, AND SAMUEL W. STEVENS | |

**MEMORANDUM ORDER**

Before the Court is a Motion to Stay Judgment and to Fix the Amount of Supersedeas Bond (Record Document 110) filed by S.P. Davis, Sr., Willie J. Singleton, Phillip Pennywell, Jr., and James C. Williams (hereinafter referred to collectively as the "David Group"). The Davis Group moves the Court for an order staying the Judgment (Record Document 96) entered on October 7, 2008 and fixing the amount of the supersedeas bond at ten percent (10%) of the amount of the Judgment while preventing the Davis Group from transferring or disposing of any assets, except those necessary for living and engaging in business. See id. The United States has opposed the motion. See Record Document 113.

Federal Rule of Civil Procedure 62(d) provides, in pertinent part, that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Local Rule 62.2 states:

> A supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of the amount to cover interest, costs and any award of damages for delay, unless the court directs otherwise.

LR62.2. According to Fifth Circuit precedent, a supersedeas bond is a privilege made

available to the judgment debtor "as a price of interdicting the validity of an order to pay money." Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979). Thus, if a court decides to deviate from this usual requirement, "it should place the burden on the moving party to ***objectively*** demonstrate the reasons for such a departure." Id. (emphasis added). The Poplar court specifically identified two instances wherein a district court should exercise its discretion to substitute some form of guarantee other than the usual supersedeas bond:

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

Id.

The Davis Group does not contend that it has a present financial ability to easily respond to the October 7, 2008 money judgment. Instead, they maintain that it is impossible for them, both individually and as a group, to obtain a bond totaling the full amount of the judgment plus 20 percent, thus prejudicing them in their right to take an appeal and violating their due process rights. See Record Document 110-2 at 3. Therefore, the Court must determine if this is an instance where the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.

Again, the Davis Group bears the burden of objectively demonstrating the reasons for departing from the usual supersedeas bond requirements. See Poplar Grove, 600 F.2d

at 1191. In support of their motion, the members of the group have submitted nearly identical affidavits stating:

> I was denied a letter of credit from my bank, and, as an individual, I have insufficient collateral to post a bond in the full amount required by the Court.
> As a group, the Davis group has insufficient collateral to post a bond in the full amount required by the Court.
> An execution of judgment against me would cause me irreparable harm and would render me insolvent.
> The United States has secured liens against my property.
> I have no other funds or property in which the United States is unaware.

Record Document 110, Exhibit B. They have also attached email correspondence between their counsel and Ms. Darlene Bornt of International Sureties indicating that in order to secure a bond, the individuals of the Davis Group would have to collectively provide collateral to the surety either in the form of a cash wire transfer or letter of credit issued by an acceptable bank on the surety's format. See id., Exhibit A. The Davis group has not provided financial account balances, balance sheets, accounts receivable information, and/or statements real property, investments, and other assets. Likewise, they have not submitted any evidence of any individual of the group applying for a letter of credit, the specific reasons for the denial, and if approval would be granted in an alternative amount.

Based on this record evidence, or rather the lack thereof, the Court can not say that the Davis Group's "present financial condition is such that the posting of a full bond would impose an undue financial burden." Poplar Grove, 600 F.2d at 1191. With nothing more than the conclusory statements set forth in the affidavits, the record is simply insufficient for the Court to make such a finding. Moreover, the Court questions whether the posting of a ten percent bond and the proposal that the Court prevent the Davis Group from

transferring or disposing of any assets, except those necessary for living and engaging in business is truly an "arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." Id. As noted by the United States, this a drastic reduction in the bond requirement. Further, the Davis Group's proposal does not set forth any guidelines addressing how the Court and/or the United States would monitor compliance with the provision of the order preventing the group from transferring or disposing of any assets, except those necessary for living and engaging in business.

Accordingly,

**IT IS ORDERED** that the Motion to Stay Judgment and to Fix the Amount of Supersedeas Bond (Record Document 110) filed by the Davis Group be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of July, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE