UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| S. P. DAVIS, SR. | CIVIL ACTION NO. 06-0158 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is the United States' Motion for Installment Payment Order and Imposition of Ten-Percent Surcharge. (Record Document 118). This motion applies to four of the counterclaim defendants in this case: (1) S.P. Davis Jr. ("Davis"); (2) Willie J. Singleton ("Singleton"); (3) James C. Williams ("Williams"); and (4) Samuel W. Stevens, III ("Stevens"). (Record Document 118-1 at 1). Only Davis opposes the calculation of installments the United States made in their Motion. (Record Document 129). The installment payment order and a ten-percent surcharge are unopposed and appropriate. The sole remaining issue is the amount of each of Davis' installment payments.

After full consideration of the fillings of the parties, the United States' Motion for Installment Payment Order and Imposition of Ten-Percent Surcharge is **GRANTED**. The counterclaim defendants are ordered to pay the following amounts, monthly, until their debt to the United States is satisfied: (1) Davis: $3,327; (2) Singleton: $2,056; (3) Williams: $2,313 and (4) Stevens: $634. Further, the United States is also entitled to a ten-percent surcharge on the counterclaim defendants' debts to the United States. Therefore the counterclaim defendants are subjected to a ten-percent surcharge on their judgment, amounting to the following penalties: (1) Davis: $315,265.28; (2) Singleton: $315,275.74; (3) Williams: $315,275.77 and (4) Stevens: $340,631.36.

## BACKGROUND

On October 7, 2008, this Court entered a judgment in favor of the United Sates against Davis, Singleton, Williams, Stevens and Phillip Pennywell, Jr. ("Pennywell").[1] (Record Document 118-1 at 1).

This Court found that these five counterclaim defendants were responsible for the collection and payment of the employment taxes of three corporate entities and each failed to make those tax payments. (Record Document 118-1 at 1-2). Accordingly, this Court entered a judgment against each of the counterclaim defendants for the following amounts: (1) Davis: $3,152,652.85; (2) Singleton: $3,152,757.49; (3) Pennywell: $3,152,438.07; (4) Williams: $3,152,757.77 and (5) Stevens: $3,406,313.64. (Record Document 118-1 at 2). The five counterclaim defendants were held by this Court as jointly and severally liable for this indebtedness. See id.

In the three years since this Court entered the judgment, none of these counterclaim defendants have begun paying the judgment. See id. In fact, the only payments that were made on this judgment were nominal amounts made by Stevens prior to the entry of this judgment. See id.

The United States has moved for this Court to subject these five counterclaim defendants to monthly installment payment orders to satisfy the judgment entered by this Court in October of 2008 under 28 U.S.C. § 3204. Further, they have requested that a ten-percent surcharge be added to the judgment totals under 28 U.S.C. § 3011.

In response to this Motion, only Davis has filed an opposition with the Court. (Record

---

[1]Since Pennywell is not self-employed, the United States is not seeking a monthly installment payment order against him.

Document 129). Davis does not oppose a monthly installment order but rather opposes the amount the United States requests. (Record Document 129 at 1). For this reason, this Court notes that the imposition of a monthly installment order is unopposed. The imposition of the ten-percent surcharge upon the four counterclaim defendants in this Motion is also unopposed.

## LAW AND ANALYSIS

28 U.S.C. § 3204 specifically authorizes a court to order a judgment debtor to make "specified installment payments to the United States." The United States must make a showing that the "judgment debtor (1) is receiving or will receive substantial nonexempt disposable earnings from self employment that are not subject to garnishment; or (2) is diverting or concealing substantial earnings from any source, or property received in lieu of earnings." 28 U.S.C. § 3204(a)(1)-(2). When determining the payment amounts, the Court is to take into consideration "the income, resources, and reasonable requirements of the judgment debtor and the judgment debtor's dependents, any other payments to be made in satisfaction of judgments against the judgment debtor, and the amount due on the judgment in favor of the United States." 28 U.S.C. § 3204(a).

"Nonexempt disposable earnings" is defined as twenty-five percent of disposable earnings. 28 U.S.C. § 3002(9). " 'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002(5). Finally, "'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 28 U.S.C. § 3002(6). Therefore, to determine the proper monthly installment amounts, the proper calculation is to determine

the debtor's total income for a year, less federal income tax withholdings. Then, take twenty-five percent of that number and divide it by twelve in order to calculate the amount of each monthly payment installment.

### S.P. DAVIS, JR.

Davis is a self-employed attorney. (Record Document 118-1 at 5). In its initial memorandum in support of this motion, the United States used Davis' 2009 federal income tax return to determine that Davis' income for 2009, less federal income tax withholdings, equaled $213,430. (Record Document 118-1 at 6). Twenty-five percent of $213,430 is $53,357.50. This number divided by twelve equals $4,446. See id.

Davis objects to this calculation, not the installment payment order. (Record document 129). Davis argues his 2009 income is inflated due to a large, one-time contingency fee he received that year. Further, he argues that his income has decreased due to the economy and his health. Finally, Davis points out the health of his wife, the general economic climate, and a personal loan he took out that requires repayment as reasons why it is inappropriate to use his 2009 tax return in calculating his monthly payments. (Record Document 129 2-3). Davis requests the Court use his 2010 income along with an estimated 2011 income or, in the alternative, a six year average of his income to calculate his installment payments.(Record Document 129 at 4).

The United States responds by agreeing that 2009 should not be the sole basis for calculating Davis' monthly payments. However, they also assert 2009 should not be ignored completely. (Record Document 132 at 2). The United States proposes that it would be proper to base the calculation of his monthly installment payments on his average income for the past three years (2008, 2009 and 2010).

The Court agrees with Davis that 2009 should not be the only basis for calculating his monthly payments. The Court also agrees with the United States that 2009 should not be ignored. Therefore, the Court finds that Davis' calculations should be based on his income from an average of the past three years. The Court will not consider 2011 as it is inappropriate to base these calculations on estimates. If 2011 brings a substantive change to Davis' financial circumstances, he may request a modification of the monthly amounts. 28 U.S.C. § 3204 (b).

In 2008, Davis reported a total income of $148,714, less federal income tax withholding, amounting to $147,394. In 2009, Davis reported a total income of $214,579, less federal income tax withholding, amounting to $213,430. In 2010, Davis reported a total income of $119,745, less federal income tax withholding, amounting to $118,325. Davis' three-year average income for 2008-2010 is $159,716.33. Twenty-five percent of that amount equals $39,929.08, which, when spread across twelve months, yields a monthly installment of $3327.42. (Record Document 132 at 3-4). Therefore, Davis is ordered to pay the United States $3,327 per month until the judgment and interest accruing on the judgment is satisfied.

## WILLIE J. SINGLETON

Singleton is a self-employed attorney. (Record Document 118-1 at 6). Singleton does not oppose the United States' Motion. (Record Document 129 at 1 n.1). Singleton reported a total income of $118,245 in 2009. Less federal income tax withholding, his total income equals $98,690. Twenty-five percent of that amount is $24.672.50, which when spread across twelve months yields a monthly installment of $2,056. Therefore, Singleton is ordered to pay the United States $2,056 per month until the judgment and interest

accruing on the judgment is satisfied.

## JAMES C. WILLIAMS

Williams is a self-employed owner/manager of two self-service car washes. (Record Document 118-1 at 6). Williams does not oppose the United States' Motion. (Record Document 129 at 1 n.1). Williams reported a total income of $115,246 in 2009. Less federal income tax withholding, his total income equals $111,044. Twenty-five percent of that amount is $27,761. Spread across twelve months, the calculated monthly installment is $2,056. Therefore, Williams is ordered to pay the United States $2,056 per month until the judgment and interest accruing on the judgment is satisfied.

## SAMUEL W. STEVENS, III

Stevens is a self-employed certified public accountant. (Record Document 118-1 at 6). Stevens does not oppose the United States' Motion. Stevens reported a total income of $30,453 in 2009. His tax return shows no federal income tax withholdings. Twenty-five percent of $30,453 is $7,613.25. Spread across twelve months, the calculated monthly installment is $634. Therefore, Stevens is ordered to pay the United States $634 per month until the judgment and interest accruing on the judgment is satisfied.

## TEN-PERCENT SURCHARGE

The United States has moved for this Court to subject all four counterclaim defendants to a ten-percent surcharge on the judgment pursuant to 28 U.S.C. § 3011(a). "The purpose of the ten-percent surcharge is 'to cover the cost of processing and handling the litigation and enforcement' of the Government's claim on a debt." 28 U.S.C. § 3011(a); (Record Document 118-1 at 7).

This portion of the Motion is unopposed by all parties. Accordingly, this Court finds

the ten-percent surcharge to be appropriate as the counterclaim defendants have not voluntarily paid their debt to the United States. Therefore, the Court orders that the surcharge be applied in the following amounts: (1) Davis: $315,265.28; (2) Singleton: $315,275.74; (3) Williams: $315,275.77 and (4) Stevens: $340,631.36. Just as the original debt, these four counterclaim defendant's will be held jointly and severally liable for the ten-percent surcharge.

## JOINT AND SEVERAL LIABILITY

This Court held these counterclaim defendants jointly and severally liable for the June 30, 2008 judgment. The implementation of these monthly installment payment orders does not change the joint and several nature of this debt. Further, this Court finds it appropriate to hold these four counterclaim defendants jointly and severally liable for the ten-percent surcharge.

## CONCLUSION

Based on the foregoing, this Court finds that the United States is entitled to a monthly installment payment order. Therefore, the counterclaim defendants are ordered to pay the following installment payments each month until their debt to the United States is satisfied: (1) S.P. Davis Jr. : $3,327; (2) Willie J. Singleton: $2,056; (3) James C. Williams: $2,313 and (4) Samuel W. Stevens: $634. The four counterclaim defendants remain jointly and severally liable for the judgment debt. Further, the United States is also entitled to a ten-percent surcharge on the counterclaim defendants' debts to the United States. Therefore the counterclaim defendants are ordered to pay to a ten-percent surcharge on top of the amount of their judgment, amounting to the following penalties: (1) S.P. Davis Jr. : $315,265.28; (2) Willie J. Singleton: $315,275.74; (3) James C. Williams:

$315,275.77 and (4) Samuel W. Stevens: $340,631.36. All four counterclaim defendants are jointly and severally liable for the ten-percent surcharge.

Accordingly,

**IT IS ORDERED** that the United States' Motion for Installment Payment Order and Imposition of Ten-Percent Surcharge (Record Document 118) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of October, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE